569 So.2d 490 (1990)
STEPHENS TRUCKING COMPANY and Claims Center, Appellants,
v.
Jimmie BIBBS, Appellee.
No. 89-1403.
District Court of Appeal of Florida, First District.
October 2, 1990.
Jack A. Langdon of Langdon and McCarty, P.A., Gainesville, for appellants.
Richard R. Roach, Jr., Lakeland, for appellee.
SHIVERS, Chief Judge.
The employer/carrier (E/C) appeal an order finding claimant's condition compensable and awarding benefits. We reverse and remand for taking of further evidence.
Claimant filed a claim for temporary total disability, medical, and other benefits, stating that he injured his neck March 20, 1988 when he pulled a tarpaulin over his truck. The E/C controverted, contending that the injury did not arise out of the course and scope of employment.
About a month after the tarpaulin incident, claimant went to his family doctor, Dr. Hatt, complaining of back and neck pain. Dr. Hatt had previously performed lumbar surgery on claimant from a work-related injury in 1984 while working for a *491 different employer. That claim was settled. Claimant testified that he did not tell Dr. Hatt that his pain from the instant injury was job-related because he did not realize it then. Dr. Hatt testified that he concentrated on claimant's lumbar region instead of his neck and that he did not recall any details about claimant's neck.
Dr. Hatt referred claimant to Dr. Aung-Din, a neurologist, who diagnosed claimant as having moderately severe, degenerative changes at C4, C5 and C6, and Dr. Aung-Din concluded that claimant had cervical spondylitic radiculopathy. He also treated claimant for his back pain. On June 3, 1988 Dr. Aung-Din wrote a letter "to whom it may concern" indicating that claimant was under his care for "a work-related injury" and was suffering from neck problems. However, Dr. Aung-Din testified by deposition that claimant did not tell him about the tarpaulin incident; claimant told him about the 1984 accident. He said claimant considered his symptoms to be exacerbated by the prolonged sitting, standing and bending required by truck driving. During his deposition, Dr. Aung-Din was not asked and did not testify regarding whether he believed there existed a causal relationship between claimant's symptomatology and any work-related incidents or conditions.
We affirm the judge of compensation claims' (JCC's) finding that claimant's "complaints are not due to a pre-existing injury since it is clear from the record that his pre-existing injury was to his lumbar spine. The current injury is to his cervical spine."
However, the record does not support the JCC's finding that both doctors Hatt and Aung-Din opined that claimant's complaints of pain were caused by the work he had to do at Stephens Trucking. The claim and award in this case were premised on an injury to claimant's neck. Dr. Hatt's testimony that he did not concentrate on claimant's neck effectively vitiates any opinion he might have had regarding causation of claimant's neck problems.
As to Dr. Aung-Din, the JCC referred to Dr. Aung-Din's letter in which he indicated that claimant was under his care for a work-related injury. The letter does not indicate, however, whether Dr. Aung-Din knew about the tarpaulin incident, or what particular incident he believed caused claimant's neck problems. As a result, the letter is not competent, substantial evidence in support of the causation finding. On the other hand, the letter does not rule out the possibility that Dr. Aung-Din may have been referring to a work-related incident or condition, separate from the 1984 injury, that he considered to be the cause of claimant's neck problems. Since there is no competent, substantial evidence of causation present on this record, we reverse the awards that rested on that finding. However, we do not visit outright reversal on claimant because Dr. Aung-Din's letter creates a doubt in claimant's favor. We thus remand to the JCC for taking of further evidence on the issue of causation.
REVERSED and REMANDED.
BOOTH, J., concurs.
WOLF, J., specially concurs, with written opinion.
WOLF, Judge, specially concurring:
I agree that there is no competent substantial evidence of causation on the record. The claimant had a full opportunity to present evidence to support his claim and failed to do so. I, therefore, disagree that further evidence should be taken on the issue of causation, and would simply reverse and remand with instructions to enter an order consistent with this opinion. See City of Winter Springs v. Lane, 386 So.2d 802 (Fla. 1st DCA 1980).